EXHIBIT A

6/29/23, 4 01 PM                                    View case docket information

# CASE INFORMATION

### CV-23-979702 RELIABLE TRUCKLOAD DBA HOPPER LOGISTICS vs. STARR LOGISTICS, LLC, ET AL.



Case Summary | Docket | Parties | Costs | Service | Images | All

Printer Friendly Version

Start Search

| Filing Date | Side | Type | Description | |
|---|---|---|---|---|
| 06/29/23 | D3 | NT | NOTICE OF APPEARANCE, FILED D3 KODIAK TRANSPORTATION, LLC CHRISTOPHER P SCHUELLER 0086170 | |
| 06/27/23 | D2 | SR | FAILURE OF SERVICE WITH ADDRESS CHANGE PROVIDED BY THE POST OFFICE FOR EASTERN ENVIRONMENTAL INDUSTRIES, LLC AND RESENT OUT BY ORDINARY MAIL | 📄 |
| 06/15/23 | D1 | NT | NOTICE OF APPEARANCE, FILED D1 STAAR LOGISTICS, LLC JAY R  CARSON 0068526 | 📄 |
| 06/08/23 | N/A | JE | JUDGE EMILY HAGAN (373) REMOVED - TRANSF'D TO COMMERCIAL DOCKET CASE REASSIGNED TO MICHAEL J RUSSO (341) (RANDOM)  NOTICE ISSUED | 📄 |
| 06/08/23 | N/A | JE | PURSUANT TO SUP R 49 07(C), THIS MATTER IS REFERRED TO ADMINISTRATIVE JUDGE FOR REASSIGNMENT TO THE COMMERCIAL DOCKET NOTICE ISSUED | 📄 |
| 06/07/23 | N/A | SR | CERTIFIED MAIL RECEIPT NO  50715357 RETURNED BY U S  MAIL DEPARTMENT 05/31/2023 KODIAK TRANSPORTATION, LLC MAIL RECEIVED AT ADDRESS 06/07/2023 TENDERED TO AGENT FOR FINAL DELIVERY | |
| 06/07/23 | N/A | SR | USPS RECEIPT NO  50715355 DELIVERED BY USPS 05/30/2023 STAAR LOGISTICS, LLC PROCESSED BY COC 06/07/2023 | |
| 06/05/23 | D2 | SR | CERTIFIED MAIL RECEIPT NO  50715356 RETURNED 06/02/2023 FAILURE OF SERVICE ON DEFENDANT EASTERN ENVIRONMENTAL INDUSTRIES, LLC - FORWARDING TIME EXPIRED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 06/03/23 | N/A | SR | CERTIFIED MAIL RECEIPT NO  50715356 RETURNED 6/2/2023 FAILURE OF SERVICE ON DEFENDANT EASTERN ENVIRONMENTAL INDUSTRIES, LLC - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 05/26/23 | D3 | SR | SUMS COMPLAINT(50715357) SENT BY CERTIFIED MAIL  TO KODIAK TRANSPORTATION, LLC 5889 GREENWOOD PLAZA BOULEVARD GREENWOOD VILLAGE, CO 80111 | 📄 |
| 05/26/23 | D2 | SR | SUMS COMPLAINT(50715356) SENT BY CERTIFIED MAIL  TO  EASTERN ENVIRONMENTAL INDUSTRIES, LLC 4456 US-219 BROCKWAY, PA 15824 | 📄 |
| 05/26/23 | D1 | SR | SUMS COMPLAINT(50715355) SENT BY CERTIFIED MAIL  TO  STAAR LOGISTICS, LLC 560 MYRTLE STREET REYNOLDSVILLE, PA 15851 | 📄 |
| 05/25/23 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 05/25/23 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 05/25/23 | D3 | CS | WRIT FEE | |

6/29/23, 4 01 PM                                    View case docket information

| 05/25/23 | D2 | CS | WRIT FEE |
| 05/25/23 | D1 | CS | WRIT FEE |
| 05/25/23 | N/A | SR | SUMMONS E-FILE COPY COST |
| 05/19/23 | N/A | SF | JUDGE EMILY HAGAN ASSIGNED (RANDOM) |
| 05/19/23 | P1 | SF | LEGAL RESEARCH |
| 05/19/23 | P1 | SF | LEGAL NEWS |
| 05/19/23 | P1 | SF | LEGAL AID |
| 05/19/23 | P1 | SF | COURT SPECIAL PROJECTS FUND |
| 05/19/23 | P1 | SF | COMPUTER FEE |
| 05/19/23 | P1 | SF | CLERK'S FEE |
| 05/19/23 | P1 | SF | DEPOSIT AMOUNT PAID LEWIS, BRISBOIS, BISGAARD, & SMITH LLP |
| 05/19/23 | N/A | SF | CASE FILED  COMPLAINT |

Copyright © 2023 PROWARE  All Rights Reserved  1 1 774

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

RELIABLE TRUCKLOAD DBA HOPPER
LOGISTICS
Plaintiff

V.

STARR LOGISTICS, LLC, ET AL
Defendant

CASE NO  CV23979702

JUDGE  EMILY HAGAN

**SUMMONS**  SUMC  CM

Notice ID   50715357

| From | RELIABLE TRUCKLOAD & BROKERAGE LLC   P1 | Atty | DAVID A CAMPBELL |
|------|------|------|------|
| | 33870 CROWN COLONY DRIVE | | 1375 E  9TH STREET, SUITE 2250 |
| | AVON OH 44011 | | CLEVELAND, OH 44114-0000 |

| To | KODIAK TRANSPORTATION  LLC          D3 |
|------|------|
| | 5889 GREENWOOD PLAZA BOULEVARD |
| | GREENWOOD VILLAGE CO 80111 |

### NOTICE TO THE DEFENDANT

The Plaintiff has filed a lawsuit against you in this Court  You are named as a defendant  A copy of the Complaint is attached

If you wish to respond to the Complaint, you must deliver a written Answer to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it)  A letter or a phone call will not protect you  Civil Rule 5 explains the ways that you may deliver the Answer (http //www supremecourt ohio gov/LegalResources/Rules/civil/CivilProcedure pdf)

You must also file a copy of your Answer with this Court within 3 days *after* you serve it on the Plaintiff  You can file your Answer with the Clerk of Courts by one of the following methods  1) In-person or by mail at the above address or 2) electronically through the online e-Filing system  For more information on using the e-Filing system, visit http //coc cuyahogacounty us/en-US/efiling aspx

If you fail to serve *and* file your Answer, you will lose valuable rights  The Court will decide the case in favor of the Plaintiff and grant the relief requested in the Complaint by entering a default judgment against you

You may wish to hire an attorney to represent you  Because this is a civil lawsuit, the Court cannot appoint an attorney for you  If you need help finding a lawyer, contact a local bar association and request assistance



Nailah K  Byrd
Clerk of Court of Common Pleas
216-443-7950

Date Sent  05/25/2023

By_____
Deputy

CMSN130



## Cuyahoga County Clerk of Courts
## Nailah K. Byrd

**Multilingual Notice:**

You have been named as a defendant in this Court. You must file an answer within 28 days, if you fail to answer, the Court may enter judgment against you for the relief stated in the Complaint. Seek assistance from both an interpreter and an attorney. Your inability to understand, write, or speak English will not be a defense to possible judgment against you.

1. **Spanish (US)**

   ***Aviso multilingue:**

   Este Tribunal lo ha declarado como acusado. Debe presentar una respuesta en un plazo de 28 días. Si no contesta en dicho plazo, el Tribunal podrá dictar sentencia en su contra por el amparo que se detalla en la demanda. Solicite la ayuda de un intérprete y de un abogado. Su incapacidad para comprender, escribir o hablar inglés no se considerará como defensa ante una posible sentencia en su contra.

2. **Somali**

   ***Ogeysiis luqadda badan ah**

   Waxaa laguu magacaabay sida eedeysane gudaha Maxkamadan. Waa in aad ku soo gudbisaa jawaab 28 maalmood gudahood, haddii aad ku guuldareysto jawaabta, Maxkamada laga yaabo in ay gasho xukun adiga kaa soo horjeedo ee ka nasashada lagu sheegay Cabashada. Raadi caawinta ka timid labadaba turjubaanka iyo qareenka. Karti la'aantaada aad ku fahmo, ku qoro, ama ku hadasho Af Ingiriisiga ma noqon doonto difaacida xukunkaaga suuralka ah ee adiga kugu lidka ah.

3. **Russian**

   ***Уведомление на разных языках**

   Вы были названы в качестве ответчика в данном суде. Вы должны предоставить ответ в течение 28 дней, если Ваш ответ не будет получен, суд может вынести решение против Вас и удовлетворить содержащиеся в жалобе требования. Воспользуйтесь услугами переводчика и адвоката. Тот факт, что Вы не понимаете английскую речь и не можете читать и писать по-английски, не является препятствием для возможного вынесения судебного решения против Вас.

4. **Arabic**

   ***ملاحظه متعددة اللغات

   لقد تم اعتبارك مدعى عليه في هذه المحكمة. يجب أن تقدم ردا خلال 28 يوما، وإذا لم تقم بالرد، فقد تصدر المحكمة حكما بالتعويض المنصوص عليه في هذه الشكوى القضائية. اطلب المساعده من مترجم فوري ومحام. فإن عدم قدرتك على فهم اللغة الإنجليزية أو كتابتها أو تحدثها دفاعا لك أمام الحكم المحتمل صدك.

5. **Chinese (Simplified)**

   ***多語版本通知

   您在本法庭已被列为被告。您必须于 28 日内递交答辩状，如果没有递交答辩状，法庭会针对诉状中声明的补救措施对您作出不利判决。请向口译人员和律师寻求帮助，您无法理解、书写或说英语的情况不能作为对您可能作出不利判决的辩护理由。

### IN THE COMMON PLEAS COURT
### CUYAHOGA COUNTY, OHIO

RELIABLE TRUCKLOAD &
BROKERAGE LLC d/b/a
HOPPER LOGISTICS
33870 Crown Colony Drive
Avon, Ohio 44011

      CASE NO _____

      Plaintiff

v

      JUDGE _____

STAAR LOGISTICS, LLC
560 Myrtle Street
Reynoldsville, Pennsylvania 15851

**(Jury Demand Endorsed Hereon)**

And

EASTERN ENVIRONMENTAL
INDUSTRIES, LLC
4456 US-219
Brockway, Pennsylvania 15824

And

KODIAK TRANSPORATION, LLC
5889 Greenwood Plaza Boulevard
Greenwood Village, Colorado 80111

      Defendants

### COMPLAINT AND JURY DEMAND

Plaintiff Reliable Truckload & Brokerage, LLC d/b/a Hopper Logistics ("Plaintiff") for its

Complaint and Jury Demand (the "Complaint") against Defendants Staar Logistics, LLC ("Staar"),

Eastern Environmental Industries, LLC ("Eastern"), and Kodiak Transporation, LLC ("Kodiak")

(collectively, "Defendants") avers and states as follows

### THE PARTIES

1     Plaintiff is an Ohio limited liability corporation

2      Plaintiff is based in Cuyahoga County

3      Staar is a Pennsylvania limited liability corporation

4      Staar does business in Ohio

5      Eastern is a Pennsylvania limited liability corporation

6      Eastern does business in Ohio

7      Kodiak is a Colorado limited liability corporation

8      Kodiak does business in Ohio

9      This lawsuit arises out of a Motor Contract Carrier and Broker Agreement (the "Agreement") between Staar and Plaintiff

10      A true and correct copy of the Agreement is attached hereto.

11      This lawsuit further arises out of Defendants' fraudulent conduct that was directed to an Ohio company, Plaintiff

## JURISDICTION AND VENUE

12      This Court has personal jurisdiction over Defendants because Staar contracted with an Ohio company to perform business in Ohio and Defendants both performed services under the Agreement

13      This Court has jurisdiction over this matter because Plaintiff is seeking damages in excess of Twenty Five Thousand Dollars

14      This Court is the proper venue for this matter because some or all of the conduct giving rise to this Lawsuit occurred in Cuyahoga County, the contract was entered into in Ohio, and the claim for relief arose in Cuyahoga County

15    In addition, venue and jurisdiction is proper in this Court because the Agreement provides that all disputes between the Parties shall be brought in state court in Cuyahoga County, Ohio

## FACTS COMMON TO ALL CLAIMS

16    Plaintiff is a broker who sought a trucking company to deliver hazardous materials

17.    Plaintiff's hazardous material solicitation was clear and unambiguous (the "Hazardous Material Bid")

18    Staar responded to Plaintiff's Hazardous Material Bid and advised Plaintiff that Staar was qualified to accept the bid

19    Staar represented to Plaintiff that Staar employed three drivers who were hazmat licensed.

20    All companies who bid on the Hazardous Material Bid were advised double brokering agreements were not permitted

21    Double brokering agreements occurs when a trucking company contracts with a broker to transport freight and then the trucking company subsequently contracts with a second trucking company to transport the freight

22    Double brokering violates the Agreement

23    Double brokering, without authority, violates state and federal law

24    Double brokering places customers and third parties at risk of harm

25    Double brokering with respect to the transport of hazardous materials is particular troubling and unlawful

26    Staar was advised in the Agreement that double brokering was not permitted

27      Specifically, Section 6 of the Agreement provides "**CARRIER,** without the prior written consent of **BROKER,** shall not cause or permit any shipment tendered hereunder to be brokered to or transported by any other motor carrier "

28.     Staar responded to the Hazardous Material Bid

29      Staar entered into the Agreement

30      Staar has admitted to double brokering in violation of the Agreement

31      Attached hereto is Staar's correspondence of February 25, 2023 that admits that Staar double breasted

32      Staar further admits that Eastern performed under the Agreement without authority from Plaintiff

33      Staar further admits that Eastern breached the Agreement by failing to adequately transport the hazardous materials

34      Staar further admits that it was not qualified to transport the hazardous materials as it represented to Plaintiff

35      Staar finally admits that it unlawfully contracted with Kodiak to transport the hazardous materials

36      Plaintiff never authorized Kodiak to transport the hazardous materials

37.     Staar knowingly provided false information to Plaintiff in order to bid on the Hazardous Material Bid

38      Staar knowingly breached the Agreement by double brokering

39      Staar knew that Eastern and Kodiak were not qualified to transport hazardous materials

40. Staar knew that Plaintiff did not authorize Eastern or Kodiak to transport the hazardous materials

41. Defendants breached the Agreement

42 Defendants violated state and federal law

43 Defendants caused Plaintiff to lose thousands of dollars of hazardous material transportation contracts

44 Following notice of the breach of the Agreement, Defendants knowingly contacted Plaintiff's customers in order to disparage Plaintiff

45 Defendants' conduct was willful

46 Defendants were aware of Plaintiff's contractual relationships

47 Defendants tortiously interfered with Plaintiff's contractual relationships

48 Plaintiff has been damaged in excess of Twenty Five Thousand Dollars by Defendants

49 Defendants are jointly and severally liable for the unlawful conduct and damage caused to Plaintiff

## COUNT I – DEFENDANTS' BREACH OF CONTRACT

50 Plaintiff incorporates paragraphs 1 through 49 of the Complaint as if fully rewritten

51. The Agreement is a valid and lawful contract under Ohio law

52 Plaintiff fully complied with the Agreement

53 Defendants each knowingly performed under the Agreement.

54 Kodiak breached the Agreement by transporting the hazardous material without Plaintiff's authority

55    Eastern breached the Agreement by transporting the hazardous material without Plaintiff's authority

56    Staar breached the Agreement by double brokering in violation of the plain terms of the Agreement

57    Defendants failed to properly transport the hazardous materials pursuant to state and federal law

58    As a result of Defendants' breach of contract, Defendants owe Plaintiff in excess of Twenty Five Thousand Dollars, plus interest, and Court costs

## COUNT II –STAAR'S FRAUDULENT INDUCEMENT

59.   Plaintiff incorporates paragraphs 1 through 58 of the Complaint as if fully rewritten

60    Staar responded to the Hazardous Material Bid

61    Staar's response to the Hazardous Material Bid was false

62    Staar's false response to the Hazardous Material Bid was willful

63    Staar's false statements made in response to the Hazardous Material Bid were material

64    Plaintiff reasonably relied upon the false and material representations made by Staar

65    Staar's conduct was intended to fraudulently obtain the contract for the Hazardous Material Bid

66    Staar intended to breach the Agreement by double brokering

67    Staar did not employ drivers licensed to perform the Hazardous Material Bid

68    Staar's fraudulent misrepresentations caused damage to Plaintiff in excess of Twenty Five Thousand Dollars

69.    Staar's fraudulent misrepresentation support punitive damages because the misrepresentations were willful and malicious

70    Plaintiff should be awarded punitive damages

71    Plaintiff should be awarded attorney fees

### COUNT III –DEFENDANTS' FRAUDULENT CONDUCT

72.    Plaintiff incorporates paragraphs 1 through 71 of the Complaint as if fully rewritten

73    Defendants were aware of the Agreement's prohibition against double brokering

74    Defendants were aware that double brokering was unlawful under state and federal law

75    Defendants knowingly transported the hazardous materials in violation of the Agreement

76    Defendants knowingly transported the hazardous materials in violation of the state and federal law

77    Defendants knowingly transported the hazardous materials without authority

78    Defendants knowingly transported the hazardous materials without properly certified drivers

79    Defendants misrepresented facts to Plaintiff

80    Defendants misrepresentations were material

81    Defendants' fraudulent conduct caused damage to Plaintiff in excess of Twenty Five Thousand Dollars

82    Defendants' fraudulent conduct supports punitive damages because the misrepresentations were willful and malicious

83    Plaintiff should be awarded punitive damages

84    Plaintiff should be awarded attorney fees

### **COUNT IV –DEFENDANTS' TORTIOUS INTERFERENCE**

85    Plaintiff incorporates paragraphs 1 through 84 of the Complaint as if fully rewritten

86    As a broker, Plaintiff has valuable contractual relationships with companies with freight needs

87    Defendants are aware of Plaintiff's contractual relationships with these persons and entities

88    The Agreement prohibited Defendants from directly soliciting these persons and entities for their trucking needs

89    When Defendants learned that Plaintiff intended to enforce the rights under the Agreement, Defendants knowingly interfered with Plaintiff's contractual relationships

90    Defendants had no lawful reason or privilege to make the contact

91    The contacts were knowing and intentional

92    The contacts were intended to tortiously interfere with Plaintiff's contractual relationships with persons and entities that had trucking needs

93    Defendants' tortious interference caused damage to Plaintiff in excess of Twenty Five Thousand Dollars

94    Defendants' tortious interference supports punitive damages because the misrepresentations were willful and malicious

95    Plaintiff should be awarded punitive damages

96    Plaintiff should be awarded attorney fees

WHEREFORE, Plaintiff demands judgment and relief against Defendants as follows.

1    Damages in excess of Twenty Five Thousand Dollars, plus interest, and Court costs for breach of the Agreement,

2    Damages in excess of Twenty Five Thousand Dollars for Defendants' Fraudulent Inducement,

3.   Damages in excess of Twenty Five Thousand Dollars for Defendants' Fraudulent Conduct,

4    Damages in excess of Twenty Five Thousand Dollars for Defendants' Tortious Interference,

5    Punitive damages,

6    Costs incurred in prosecuting this action,

7    Attorney fees incurred in prosecuting this matter and collecting on the judgment and

8    Any other appropriate relief that this Court deems just and equitable

Respectfully submitted,

/s/ David A Campbell
David A Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E 9th Street, Suite 2250
Cleveland, OH 44114
Phone (216) 298-1262
Fax (216) 344-9421
david a campbell@lewisbrisbois com

*Attorneys for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, a trial by jury is respectfully requested on all the issues presented herein

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Plaintiff*

# Hopper Logistics

8500 Clinton Rd., Brooklyn, OH 44144
MOTOR CONTRACT CARRIER AND BROKER AGREEMENT
This AGREEMENT made the __13__ day of __April__ 20__22__ by and between __Eastern Environmental Ind. LLC__ an Interstate Commerce Commission (ICC) authorized MOTOR CONTRACT CARRIER licensed under permit No. MC__894587__ SUB___, hereinafter referred to as "CARRIER," AND Hopper Logistics , a Federal Highway Administration authorized property broker under license number MC# 1137137, hereinafter referred to as "BROKER."
1  BROKER agrees to offer for shipment and CARRIER agrees to transport in its own equipment, quantities of freight agreed to by both CARRIER and BROKER

2. CARRIER shall comply with the financial responsibility, and legal requirements of the appropriate federal and state laws and regulatory agencies through which it is authorized to operate. CARRIER Insurance  Carrier agrees to provide any insurance coverage's required by any government body for the types of transportation and related services specified in load confirmation communications received from Broker. All insurance required by this Agreement must be written by an insurance company having a Best's rating of "B+" VII or better and must be authorized to do business under the laws of the state(s) or province(s) in which Carrier provides the transportation and related services as specified in load confirmation communications received from Broker. Carrier's insurance shall be primary and required to respond and pay prior to any other available coverage. Carrier agrees that Carrier, Carrier's Insurer(s), and anyone claiming by, through or under Carrier shall have no claim, right of action, or right of subrogation against Broker, its affiliates, or its Customer based on any loss or liability insured under the insurance stipulated herein  Carrier represents and warrants that it will continuously fulfill the requirements of this Section throughout the duration of this Agreement  Broker shall be notified in writing by Carrier's insurance company at least thirty (30) days prior to the cancellation, change or non-renewal of the submitted insurance policies  Carrier shall at all times during the term of this agreement have and maintain in full force and effect, at its expense, (i) Motor Truck Cargo insurance or a superior equivalent, with limits for the full value of the cargo under carriage subject to a minimum limit never less than US$100,000 per shipment, a deductible no greater than US$10,000 per shipment and at least the same coverage limit and deductible per shipment while in storage or at a storage facility en-route to the consignee, (ii) Commercial Automobile Liability insurance with a combined single limit of not less than US $1,000,000 per occurrence and without aggregate limits, (iii) Commercial General Liability insurance, in a limit of not less than US $1,000,000 per occurrence, (iv) Worker's Compensation insurance in the amounts required by statute, and Employer's Liability insurance with limits not less than US $500,000 per occurrence, and (v) if Carrier provides Transportation Services for hazardous materials under United States Department of Transportation ("DOT") regulations, public insurance including Commercial Automobile insurance limits required for the commodity transported under 49 C F R § 387 7 and 387.9 (or successor regulations thereto) and statutory required Commercial Automobile insurance limits pertaining to the hazard classification of the cargo as defined by DOT, an MCS-90 and Broadened Pollution Liability endorsements for limits required by law and full policy limits  insurance company to issue a certificate to Broker, evidencing the foregoing. When Carrier provides Transportation Services that involve origins and destinations solely within Canada, Carrier shall be current in its remittances to the appropriate Worker's Compensation Board of the Carrier's province, shall provide a certificate issued by the appropriate Worker's Compensation Board of the Carrier's province certifying that the Carrier is not delinquent and is current in its remittances to that authority, and shall have such other insurance or higher coverage limits required by applicable Canadian national or provincial law or regulation  Insurance will meet or exceed the requirements of federal, state and/or provincial regulatory bodies having jurisdiction over Carrier's performances pursuant to this agreement. During this Contract's term, the insurance policies required hereunder and any replacement policies will (i) insure the interests of Broker and, (ii) cover all drivers, equipment and cargo used in providing Transportation Services and (iii) not contain any exclusions or restrictions as to designated premises or project, pertaining to unattended equipment or cargo, for unscheduled equipment, for unscheduled drivers or cargo, for fraud or infidelity, for tarp warranty, for wetness or dampness, for geographical location in the United States, for trailers unattached to the power unit, or for a particular radius of operation

3  BROKER agrees to pay CARRIER agreed amount within 30 days of receipt of an original, cleanly signed bill of lading. CARRIER shall be liable to BROKER and/or Shipper for any loss or damage noted on bill of lading  Any additional charges to BROKER must be approved in writing by BROKER.

Page 6

4. **CARRIER** shall be responsible to comply with all applicable ICC and DOT regulations as well as all other federal and state regulations pertaining to the operations of a motor carrier

5. **CARRIER** agrees to hold **BROKER** harmless from and indemnify **BROKER** for any liability resulting from loss or damage to any freight transported by **CARRIER** pursuant to this agreement, including all costs to defend claims  **CARRIER** agrees to hold **BROKER** harmless from and indemnify **BROKER** for any liability resulting from personal injury or property damage which may occur during the operations of **CARRIER** pursuant to this agreement, including all costs to defend claims

6. **CARRIER**, without the prior written consent of **BROKER**, shall not cause or permit any shipment tendered hereunder to be brokered to or transported by any other motor carrier.

7  The relationship of **CARRIER** and **BROKER** shall, at all times, be that of an independent contractor except that BROKER shall be the agent for the **CARRIER** for the collection and payment of charges to CARRIER  **CARRIER** agrees to bill the BROKER and no one else for payment of services rendered under this agreement

8  This contract is made pursuant to 49 U S C  10923, which authorizes **CARRIER** to enter into contracts with purchasers of motor carrier services set forth in this Contract. The Contract is drawn up pursuant to 49 CFR 1053 inclusive. This Contract does not alter the rights and obligations of the parties regarding the transportation subject to this Contract under Title 49 U S C , the Bill of Lading Act and common law, except as provided herein.

9  **CARRIER** agrees that neither it, nor any of its employees or agents, will back solicit the business of any shipper with whom it or they come into contact with or become aware of as a result of any shipments tendered to CARRIER by BROKER pursuant to this Agreement  If CARRIER breaches the terms of this paragraph, **BROKER** will then be entitled to as a commission from the **CARRIER** of fifteen percent (15%) of the revenue received for a period of twelve (12) months after the traffic first began to move  **CARRIER** understands and agrees that the provisions of the aforementioned covenant not to compete and reasonable as to scope, duration, and geographic area

10  In the event that there is dispute between **CARRIER** and **BROKER**, both parties agree that all suits must be filed in the State or Federal Court in Cuyahoga County, in the State of Ohio.

11. **Reefer· Carrier Moving Perishables.** Carrier warrants that the carrier will inspect or hire a service representative to inspect a vehicle's refrigeration or heating unit at least once each month. Carrier warrants that they shall maintain a record of each inspection of refrigeration or heating unit and retain the records of the inspection for a least one year  Copies of these records must be provided upon request to the carrier's insurance company and Broker. Carrier warrants that they will maintain adequate fuel levels for the refrigeration or heating unit and assume full liability for claims and expenses incurred by the Broker or the shipper for failure to do so. The carrier must provide their cargo insurance carrier with all records that relate to a loss and permit copies and abstracts to be made from them upon request  The following rules shall apply· (a) Destination market value for lost or damaged cargo, no special or consequential damages unless by special agreement, (b) Claims will be filed with Carrier by Shipper, (c) claims notification procedures will be followed in accordance with procedure described in 49 C F R 370 1-11

The carrier must provide their cargo insurance with all records that relate to a loss and permit copies and abstracts to be made from them upon request. Carrier shall endeavor to maintain a **satisfactory U S  DOT safety rating**

The following rules shall apply  (a) Destination market value for lost or damaged cargo, no special or consequential damages unless by special agreement, (b) Claims will be filed with Carrier by Shipper, (c) claims notification procedures will be followed in accordance with procedure described in 49 C.F.R. 370.1-11.

12. **Additional Insured. Broker** must become an additional insured and certificate holder of **Carrier.**

13. **Safety Rating.** Carrier shall endeavor to maintain a satisfactory U.S. DOT safety rating but under no circumstances is the carrier allowed to provide services under this contract if their safety rating falls to "unsatisfactory"

Page 7

14.  **Sub-Contract Prohibition.** Carrier expressly agrees that all freight tendered to it by Broker shall be transported on equipment operated only under the authority of Carrier, and that Carrier shall not in any manner sub-contract, broker, or in any other form arrange for the freight to be transported by a third party without the prior written consent of Broker. If Carrier breaches this provision, Broker shall have the right of paying the monies it owes Carrier directly to the delivering Carrier, in lieu of payment to Carrier. Upon Broker's payment to delivering Carrier, Carrier shall not be released from any liability to Broker under this agreement. In addition to the indemnity obligation reflected in this agreement the Carrier will be liable for consequential damages for violation of this clause of the agreement.

IN WITNESS WHEREOF, the parties have executed this Contract at the date and place first set forth above

CARRIER Eastern / Staar Logistics LLC

BY: (Authorized Signature)

(Please Print Name & TITLE) Brian J Scott

Date. 4/13/22

Page 8

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

RELIABLE TRUCKLOAD DBA HOPPER
LOGISTICS
**Plaintiff**

V

STARR LOGISTICS, LLC, ET AL
**Defendant**

**CASE NO** CV23979702

**JUDGE** EMILY HAGAN

# SUMMONS SUMC CM

Notice ID. 50715355



| From | RELIABLE TRUCKLOAD & BROKERAGE LLC P1<br>33870 CROWN COLONY DRIVE<br>AVON OH 44011 |
|---|---|

| Atty | DAVID A CAMPBELL<br>1375 E 9TH STREET, SUITE 2250<br>CLEVELAND, OH 44114-0000 |
|---|---|

| To | STAAR LOGISTICS, LLC D1<br>560 MYRTLE STREET<br>REYNOLDSVILLE PA 15851 |
|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court You are named as a defendant A copy of the **Complaint** is attached

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it) A letter or a phone call will not protect you Civil Rule 5 explains the ways that you may deliver the **Answer** (http //www supremecourt ohio gov/LegalResources/Rules/civil/CivilProcedure pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff You can file your **Answer** with the Clerk of Courts by one of the following methods 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system For more information on using the e-Filing system, visit http //coc cuyahogacounty us/en-US/efiling aspx

If you fail to serve *and* file your **Answer**, you will lose valuable rights The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you

You may wish to hire an attorney to represent you Because this is a civil lawsuit, the Court cannot appoint an attorney for you If you need help finding a lawyer, contact a local bar association and request assistance



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
**Deputy**

**Date Sent:** <u>05/25/2023</u>

CMSN130


**UNITED STATES**
**POSTAL SERVICE**

Date Produced  06/05/2023

CERTIFIED MAIL SOLUTIONS INC

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3548
2786 12  Our records indicate that this item was delivered on 05/30/2023 at 09 37 a m  in
REYNOLDSVILLE, PA 15851  The scanned image of the recipient information is provided below

Signature of Recipient

Address of Recipient

Thank you for selecting the Postal Service for your mailing needs   If you require additional assistance,
please contact your local post office or Postal Service representative

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service  It is solely for customer use

Customer Reference Number  LOGISTICARE / CV23079702
Sent To   560 MYRTLE STREET  REYNOLDSVILLE, PA 15851

**THE COURT OF COMMON PLEAS, CIVIL DIVISION**
**CUYAHOGA COUNTY, OHIO**
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

RELIABLE TRUCKLOAD DBA HOPPER
LOGISTICS
   **Plaintiff**

V.

STARR LOGISTICS, LLC, ET AL
   **Defendant**

**CASE NO** CV23979702

**JUDGE** EMILY HAGAN

## SUMMONS    SUMC   CM

Notice ID.   50715356



| From | RELIABLE TRUCKLOAD & BROKERAGE LLC   P1<br>33870 CROWN COLONY DRIVE<br>AVON OH 44011 |
|---|---|

| Atty | DAVID A CAMPBELL<br>1375 E 9TH STREET, SUITE 2250<br>CLEVELAND, OH 44114-0000 |
|---|---|

| To | EASTERN ENVIRONMENTAL INDUSTRIES,   D2<br>LLC<br>4456 US-219<br>BROCKWAY PA 15824 |
|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court  You are named as a defendant  A copy of the **Complaint** is attached

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it)  A letter or a phone call will not protect you  Civil Rule 5 explains the ways that you may deliver the **Answer** (http //www supremecourt ohio gov/LegalResources/Rules/civil/CivilProcedure pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff  You can file your **Answer** with the Clerk of Courts by one of the following methods  1) In-person or by mail at the above address or 2) electronically through the online e-Filing system  For more information on using the e-Filing system, visit http //coc cuyahogacounty us/en-US/efiling aspx

If you fail to serve *and* file your **Answer**, you will lose valuable rights  The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you

You may wish to hire an attorney to represent you  Because this is a civil lawsuit, the Court cannot appoint an attorney for you  If you need help finding a lawyer, contact a local bar association and request assistance



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 05/25/2023

By_____
                   **Deputy**

CMSN130

# CERTIFIED MAIL

NATAN K. BYRD
1100 Ontario
Cleveland OH 44113

Case# CV23979702

RETURN RECEIPT REQUESTED ELECTRON



9314 8001 1300 3548 2786 29

JUN 23 2023

EASTERN ENVIRONMENTAL INDUSTRIES, LLC
4456 US-219
BROCKWAY PA 15824

EAST454 150 DE 10-00001010529 18
FORWARD TIME EXP  RTN TO SEND
EASTERN ENVIRONMENTAL INDUST
PO BOX 1055
NEWTOWN PA 18940-0856

RETURN TO SENDER

1582495603800C



149013311

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

RELIABLE TRUCKLOAD DBA HOPPER LOGISTICS
    Plaintiff

STARR LOGISTICS, LLC, ET AL
    Defendant

Case No  CV-23-979702

Judge  EMILY HAGAN

## **JOURNAL ENTRY**

95 DISP  TRANSJG - FINAL, 02 RE-ASSIGNED

JUDGE EMILY HAGAN (373) REMOVED - TRANSF'D TO COMMERCIAL DOCKET  CASE REASSIGNED TO MICHAEL J RUSSO (341) (RANDOM)

ADMINISTRATIVE JUDGE
BRENDAN J SHEEHAN

_____
    Judge Signature         06/08/2023

TRAN - 02
06/08/2023

RECEIVED FOR FILING
06/08/2023 13 27 27
NAILAH K  BYRD, CLERK



148928784

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

RELIABLE TRUCKLOAD DBA HOPPER LOGISTICS
    Plaintiff

STARR LOGISTICS, LLC, ET AL
    Defendant

Case No  CV-23-979702

Judge  EMILY HAGAN

## <u>JOURNAL ENTRY</u>

PURSUANT TO SUP R 49 07(C), THIS MATTER IS REFERRED TO ADMINISTRATIVE JUDGE FOR REASSIGNMENT TO
THE COMMERCIAL DOCKET

_____

Judge Signature        06/08/2023

06/07/2023



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF APPEARANCE**
June 15, 2023 15:45

By. JAY R  CARSON 0068526

Confirmation Nbr  2885472

RELIABLE TRUCKLOAD DBA HOPPER LOGISTICS          CV 23 979702

       vs

STARR LOGISTICS, LLC, ET AL                    **Judge:**  MICHAEL J  RUSSO

**Pages Filed:**  2

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| RELIABLE TRUCKLOAD | : | CASE NO.  CV-23-979702 |
| DBA HOPPER LOGISTICS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | JUDGE MICHAEL J. RUSSO |
| | : | |
| vs. | : | |
| | : | |
| STAAR LOGISTICS, LLC, | : | |
| ET. AL. | : | **NOTICE OF APPEARANCE** |
| | : | |
| Defendant. | : | |

Now comes Jay R. Carson and Lorraine M. Catalusci of the law firm of Wegman Hessler

Valore, and hereby enter their appearance as counsel for Defendant, Staar Logistics, LLC.

Respectfully submitted,

*/s/ Jay R. Carson*
Jay R. Carson (0068526)
jrcarson@wegmanlaw.com
WEGMAN HESSLER VALORE
6055 Rockside Woods Blvd., Suite 200
Cleveland, Ohio 44131
(216) 642-3342
(216) 642-8826 (Facsimile)

*/s/ Lorraine M. Catalusci*
Lorraine M. Catalusci (0097420)
lmcatalusci@wegmanlaw.com
WEGMAN HESSLER VALORE
6055 Rockside Woods Blvd., Suite 200
Cleveland, Ohio 44131
(216) 642-3342
(216) 642-8826 (Facsimile)

*Attorneys for Defendant, Staar Logistics, LLC*

## Certificate of Service

The undersigned certifies that a copy of the foregoing *Notice of Appearance* was filed electronically with the Court this 15th day of June 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Jay R. Carson
One of the Attorneys for Defendant, Staar
Logistics, LLC

CV-23979702         150725163

CASE  CV-23-979702

2374824

RELIABLE TRUCKLOAD DBA HOPPER I
VS
STARR LOGISTICS LLC ET AL

JUDGE BRENDAN J SHEEHAN
ROOM  22C JUSTICE CENTER
DOCKET DATE       06/08/2023

JUDGE EMILY HAGAN (373) REMOVED - TRANSF'D TO
COMMERCIAL DOCKET  CASE REASSIGNED TO MICHAEL J
RUSSO (341) (RANDOM)  NOTICE ISSUED

First Class Mail
U S Postage Paid
Cleveland, OH
Permit No 1962

FROM:
CUYAHOGA COUNTY  COURT OF COMMON PLEAS
NAILAH K BYRD  CLERK OF COURTS
JUSTICE CENTER  COURT TOWER
1200 ONTARIO ST
CLEVELAND OH 44113

TO.
EASTERN ENVIRONMENTAL INDUSTRIES,
4456 US-219
BROCKWAY, PA 15824

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| RELIABLE TRUCKLOAD | : | CASE NO. CV-23-979702 |
| DBA HOPPER LOGISTICS | : | |
| | : | |
| Plaintiff, | : | JUDGE MICHAEL J. RUSSO |
| | : | |
| vs. | : | |
| | : | **NOTICE OF APPEARANCE** |
| STAAR LOGISTICS, LLC, ET AL. | : | |
| | : | |
| Defendants. | : | |

Now comes Christopher P. Schueller and Kelly M Neal of the law firm of Buchanan Ingersoll & Rooney PC, and hereby enter their appearance as counsel for defendant Kodiak Transportation, LLC.[1]

Dated:  June 29, 2023

Respectfully submitted,

/s/ Christopher P. Schueller
Christopher P. Schueller, Esquire (0086170)
christopher.schueller@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219
(412) 562-8800 (Telephone)
(412) 562-1041 (Facsimile)

/s/ Kelly M. Neal
Kelly M. Neal, Esquire (100889)
kelly.neal@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219
(412) 562-8800 (Telephone)
(412) 562-1041 (Facsimile)

*Attorneys for Kodiak Transportation, LLC*

---

[1] Nothing herein shall be deemed a waiver of any defense of Kodiak that it is not subject to personal jurisdiction in Ohio, or any other available defense

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Notice of Appearance was filed electronically with the Court this 29th day of June 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

I further certify that the Notice was served on the following via electronic mail:

Gregory H. Teufel, Esq.
OGC Law, LLC
1575 McFarland Road
Suite 201
Pittsburgh, PA 15216
Email: gteufel@ogclaw.net
Attorneys for Starr Logistics, LLC and
Eastern Environmental Industries, LLC

David A. Campbell, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th St., Ste. 2250
Cleveland, OH 44114
Email: david.a.campbell@lewisbrisbois.com
Attorney for Plaintiff

Jay R. Carson, Esq.
Lorraine M. Catalusci, Esq.
Wegman Hessler Valore
6055 Rockside Woods Blvd, Ste. 200
Cleveland, OH 44131
Email: jrcarson@wegmanlaw.com
        lmcatalusci@wegmanlaw.com
Attorneys for Staar Logistics, LLC

Dated: June 29, 2023

                    /s/ Christopher P. Schueller
                    Christopher P. Schueller, Esquire (0086170)
                    *Attorneys for Kodiak Transportation, LLC*

E-Filing Confirmation

# EXISTING CASE FILING CONFIRMATION

Your filing has been submitted  Below is a summary of this transaction you may [Print] or copy for your records

|  |  |
|---|---|
| **Efile ID:** | 2897233 |
| **Date/Time Submitted:** | 6/29/2023 3 47 52 PM |
| **Case Number:** | CV23979702 |
| **Case Caption:** | RELIABLE TRUCKLOAD DBA HOPPER LOGISTICS v STARR LOGISTICS, LLC, ET AL |
| **Case Filed:** | 5/19/2023 |
| **Case Type:** | CIVIL |
| **Judge:** | RUSSO/MICHAEL/J |

IF THE DOCUMENT(S) IS ACCEPTED FOR FILING, THE DATE AND TIME REFLECTED ABOVE SHALL SERVE AS THE DATE AND TIME OF FILING, UNLESS THE DOCUMENT(S) WAS SUBMITTED FOR FILING AFTER 11 59 P M ON A FRIDAY OR AFTER 11 59 P M  ON A BUSINESS DAY BEFORE A COURT HOLIDAY  IN THAT CASE, THE DOCUMENT WILL BE DEEMED FILED ON THE FOLLOWING COURT BUSINESS DAY

# FILING INFORMATION

|  |  |
|---|---|
| **Filing Attorney:** | SCHUELLER/CHRISTOPHER/P |
| **Docket Type:** | NOTICE |
| **Docket Detail:** | NOTICE OF APPEARANCE, FILED |

# FILING PARTIES CONFIRMATION

| **DEFENDANT 3:** | KODIAK TRANSPORTATION, LLC 5889 GREENWOOD PLAZA BOULEVARD GREENWOOD VILLAGE, CO 80111 USA |
|---|---|

# DOCUMENT INFORMATION

NOTICE        NOA -Schueller and Neal - Cuyahoga County, OH Court of Common Pleas cv-23-979702 4886-9954-1869 v 1 pdf

6/29/23, 3 48 PM                                     E-Filing Confirmation

# ELECTRONIC SERVICE

The Clerk of Courts will provide electronic service to the following parties

D1 STAAR LOGISTICS, LLC attorney JAY R  CARSON (JRCARSON@WEGMANLAW COM,
WHVDOCKET@WEGMANLAW COM)
D1 STAAR LOGISTICS, LLC attorney LORRAINE M  CATALUSCI (LMCATALUSCI@WEGMANLAW COM,
WHVDOCKET@WEGMANLAW COM)
P1 RELIABLE TRUCKLOAD & BROKERAGE LLC DBA HOPPER LOGISTICS attorney DAVID A CAMPBELL
(DAVID A CAMPBELL@LEWISBRISBOIS COM, CLEDOCKET@LEWISBRISBOIS COM)

Put me on copy when electronic service email is sent to all parties
Send me electronic service for this efiling

# YOUR SERVICE RESPONSIBILITIES

## You are required to serve notice on the following parties:

| DEFENDANT 2: | EASTERN ENVIRONMENTAL INDUSTRIES, LLC<br>4456 US-219<br>BROCKWAY, PA 15824 |
| --- | --- |

| DEFENDANT 2A: | NO ATTORNEY FOR THIS PARTY |
| --- | --- |

| DEFENDANT 3: | KODIAK TRANSPORTATION, LLC<br>5889 GREENWOOD PLAZA BOULEVARD<br>GREENWOOD VILLAGE, CO 80111 |
| --- | --- |

| DEFENDANT 3A: | NO ATTORNEY FOR THIS PARTY |
| --- | --- |

# PAYMENT

Copyright © 2023  PROWARE  All Rights Reserved  1 1 774